1  LAWRENCE G. BROWN
   Acting United States Attorney
2  MATTHEW C. STEGMAN
   Assistant U.S. Attorney
3  ISABEL Y. LIOU
   Certified Law Clerk, Misdemeanor Unit
4  501 I Street, Suite 10-100
   Sacramento, California 95814
5  Telephone: (916) 554-2806

6

7

8

9             IN THE UNITED STATES DISTRICT COURT

10              FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12  UNITED STATES OF AMERICA,      )   CASE NO. 2:08-CR-209 EJG
                                   )
13              Plaintiff,         )   [~~PROPOSED~~] ORDER AFTER HEARING
                                   )
14       v.                        )
                                   )
15  PATRICK W. ROBISON,            )
                                   )
16              Defendant.         )
                                   )
17  _____)

18       This matter came before the Court on February 27, 2009 for a

19  hearing on Defendant's Appeal of Magistrate Judge's Judgment.

20  Certified Law Student Isabel Y. Liou appeared for the United States,

21  supervised by Assistant U.S. Attorney Matthew C. Stegman.  Attorney

22  Michael Petrik, Jr. appeared on behalf of the defendant.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1

| | |
|---|---|
| 1 | After hearing oral argument from counsel and considering the |
| 2 | briefs in this matter, the Court denied defendant's appeal and |
| 3 | affirmed the magistrate court's judgment and sentence for the |
| 4 | reasons stated orally at the hearing, as reflected in the attached |
| 5 | transcript. |
| 6 | IT IS SO ORDERED. |
| 7 | DATED: April 21, 2009 |
| 8 | [signature] |
| 9 | EDWARD J. GARCIA, JUDGE<br>UNITED STATES DISTRICT COURT |

```
 1                  UNITED STATES DISTRICT COURT

 2                 EASTERN DISTRICT OF CALIFORNIA

 3                       SACRAMENTO DIVISION

 4                            --oOo--

 5   UNITED STATES OF AMERICA,  )        COPY
                                )
 6                  Plaintiff,  )
                                )
 7   v.                         )   No. 2:08cr209
                                )
 8   PATRICK W. ROBISON,        )
                                )
 9                  Defendant.  )
     _____)

10

11

12

13

14                            --oOo--

15          REPORTER'S TRANSCRIPT OF PROCEEDINGS

16         BEFORE THE HONORABLE EDWARD J. GARCIA

17                            --oOo--

18          Friday, February 27, 2009, 10:00 A.M.

19

20

21

22

23

24   Reported by:                        LAURIE HOWARD
                                         CSR No. 9802
25
```

DIAMOND COURT REPORTERS (916) 498-9288

```
 1                          APPEARANCES

 2                            --oOo--

 3


 4      For the Government:

 5          UNITED STATES ATTORNEYS OFFICE
            501 I Street
 6          Sacramento, California  95814
            By:  MICHAEL C. STEGMAN
 7               Assistant U.S. Attorney
                 ISABEL LIOU, Certified Law Student
 8

 9      For the Defendant:

10          FEDERAL DEFENDERS OFFICE
            801 I Street, 3rd Floor
11          Sacramento, California  95814
            By:  MICHAEL PETRIK, JR.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                                               2
```

```
 1              FRIDAY, FEBRUARY 27, 2009, 10:00 A.M.
 2                     SACRAMENTO, CALIFORNIA
 3                            --oOo--
 4              THE COURTROOM DEPUTY CLERK:  Criminal
 5    S-08-209, United States versus Patrick Robison.
 6              THE COURT:  Will counsel please announce
 7    your appearances.
 8              MS. LIOU:  Good morning, Your Honor.
 9    Isabel Liou, certified law student, for the United
10    States supervised by Assistant U.S. Attorney Matthew
11    Stegman.
12              THE COURT:  How do you pronounce the last         EJG
13    name?
14              MS. LIOU:  Liou.
15              THE COURT:  Liou.  All right.
16              MR. PETRIK:  Michael Petrik, Office of the
17    Federal Defender, Your Honor, for Mr. Robison.
18              THE COURT:  Did you file the -- prepare and
19    file the defense memorandum, Mr. Petrik?
20              MR. PETRIK:  Yes.
21              THE COURT:  This matter is on calendar on
22    appeal from the sentence imposed by the magistrate       EJG
23    judge on Defendant's misdemeanor convictions for
24    possession of a controlled substance, marijuana, in
25    violation of Section 844(a) of Title 18, U.S. Code, a
```

3

1  class A misdemeanor. This court has jurisdiction on
2  the appeal pursuant to 18 U.S.C. Section 3402.
3        Defendant signed a consent to proceed
4  before the magistrate and on July 24 last year pled
5  guilty to the charge pursuant to a written plea
6  agreement. The plea agreement provided, in relevant
7  part, that the parties agreed to recommend to the
8  court that if the defendant fell within Zone A of the
9  Guideline Sentencing Table, they would recommend that
10 the defendant not serve any jail time and each side
11 reserved the right to argue the type and duration of
12 supervision with the Government agreeing to request
13 the duration of probation or supervised release not
14 to exceed one year.
15       The plea agreement provided that it was not
16 binding on the court and also provided that the
17 defendant waived appeal and collateral attack of the
18 conviction and sentence. The matter was then
19 referred to the U.S. Probation Office for a
20 presentencing investigation and report and continued
21 for sentencing.
22       In the guideline scoring section of the
23 Presentence Investigation Report, the probation
24 officer determined that the total adjusted offense
25 level for the offense of conviction was 2 and that

4

1    Defendant's criminal history category was 2 and that
2    the guideline range for imprisonment, thus, was zero
3    to six months imprisonment, three years probation,
4    one year supervised release, a fine range of $1,000
5    to $5,000, and a $25 special assessment. Neither
6    side objected to the probation officer's guideline
7    scoring recommendations, which the magistrate judge
8    accepted. Thus, the guideline range did fall within
9    Zone A of the advisory guideline sentencing table as
10   the parties agreed.

11        The probation officer went on to recommend
12   a sentence of no jail, three years probation with,
13   among other conditions, six months home detention, a
14   $1,000 fine, and the $25 special assessment. Each of
15   the parties submitted sentencing memoranda and the
16   defendant submitted an amended sentencing memorandum.

17        Defendant's sentencing memorandum before
18   the magistrate disagreed with the probation officer's
19   sentencing recommendation, instead arguing for a
20   one-year term of probation subject to early
21   termination if the defendant tested clean on his drug
22   testing and a fine of $1,000 which is mandatory for
23   the offense of conviction.
24        The Government's sentencing memorandum recommended a
25   sentence of one year supervised probation subject to

5

1    the standard and special conditions of probation
2    recommended by the probation officer, and the
3    Government specifically stated it took no position on
4    the special conditions of probation of 180 days home
5    detention recommended by the probation officer. The
6    Government also recommended the $1,000 fine and a $25
7    special assessment.
8         Defendant subsequently filed a sentencing
9    memorandum moving the court to compel specific
10   performance of the plea agreement arguing that the
11   Government breached the agreement by not taking a
12   position against the probation officer's
13   recommendation of home detention as a condition of
14   probation. After hearing argument at the sentencing
15   hearing on October 30th last year, the magistrate
16   adopted the probation officer's sentencing
17   recommendation in all respects, except the court
18   reduced the recommended term of probation to two
19   years and the home confinement condition of probation
20   to 90 days. The defendant has timely appealed the
21   magistrates judge's sentence of probation.
22        It appears that Defendant's sole contention
23   on this appeal is that the Government breached the
24   plea agreement since the plea agreement provided that
25   it was not binding on the court. This apparently is

6

1  Defendant's sole recourse in attempting to reverse
2  the magistrate judge's sentencing decision.
3  Defendant raised this issue at the original
4  sentencing hearing of October 2, '08, and by filing
5  the amended sentencing memorandum requesting the
6  magistrate to compel specific performance of the plea
7  agreement. Inexplicably, however, breach of the plea
8  agreement was not orally argued at the sentencing
9  hearing of October 30th, nor was specific performance
10 thereof raised or argued by either side. Presumably,
11 the magistrate judge found no breach of the plea
12 agreement.
13          I'll hear briefly from counsel on this
14 issue, but first I'd like to hear from counsel as to
15 why this appeal should not be dismissed on procedural
16 grounds since the plea agreement clearly and
17 specifically states without reservation that
18 Defendant, as part of the plea agreement, waived
19 appeal and collateral attack of the conviction and
20 sentence.
21          MR. PETRIK: Well, Your Honor, I think
22 that --
23          THE COURT: Mr. Petrik.
24          MR. PETRIK: With respect to the
25 jurisdictional question, it's the defense's

7

1 | contention that the --

2 | THE COURT: Not jurisdictional.
3 | Procedural.

4 | MR. PETRIK: Or procedural contention that
5 | the Government entered into a plea agreement and they
6 | breached that plea agreement and that under the Ninth
7 | Circuit law is appealable. And so just like --

8 | THE COURT: Neither side cites any Ninth
9 | Circuit law on that issue. Why didn't you?

10 | MR. PETRIK: Well, I cite -- I cite the --
11 | I cite the rule that says I can appeal from the
12 | magistrate to you, and I didn't cite any argument
13 | regarding --

14 | THE COURT: Nobody raised the issue of
15 | breach of plea agreement at the hearing.

16 | MR. PETRIK: No. That was raised in the
17 | supplemental briefing by me and the Government
18 | responded to that. And at the time of the sentencing
19 | hearing, the second sentencing hearing in front of
20 | Judge Mueller, she indicated that she understood the
21 | briefs that the Government filed regarding breach of
22 | the plea agreement and specific performance and
23 | didn't ask for anymore comment on that issue.

24 | THE COURT: You're going beyond -- I've
25 | read the reporter's transcript. You're going way

8

```
 1    beyond what the reporter's transcript says.
 2              Ms. Liou, why wasn't the issue broached at
 3    the sentencing hearing?
 4              MS. LIOU:  I'm not exactly sure why it
 5    wasn't brought up by defense counsel.
 6              THE COURT:  You don't know why?
 7              MS. LIOU:  No.  At least on the November
 8    30th sentencing hearing it wasn't brought up.
 9              THE COURT:  Can I assume that the
10    magistrate judge denied the request for specific
11    performance, Ms. Liou?
12              MS. LIOU:  I guess that would be safe to
13    say that.
14              THE COURT:  You guess what?
15              MS. LIOU:  It would be safe to say that.
16    She didn't mention it at the hearing.
17              THE COURT:  I know she didn't.  I'm asking
18    counsel why.
19              Mr. Petrik?
20              MR. PETRIK:  Why she didn't make that
21    finding?
22              THE COURT:  Yeah.  Can I assume that she
23    made a finding?
24              MR. PETRIK:  I don't know.  I don't know.
25    The record is what it is, and what she said regarding
```

```
 1    the briefs regarding specific performance is that she
 2    understood the issue, and I took it as she didn't
 3    want to hear anything else regarding it.
 4           THE COURT:  I assume as an experienced
 5    magistrate judge that she knew what the issue was.
 6           MR. PETRIK:  Yes.
 7           THE COURT:  Did she ever say why she didn't
 8    -- was there a bench conference in this case that was
 9    not recorded?
10           MR. PETRIK:  No.
11           THE COURT:  Let me ask you again, then.
12    Can I assume that the magistrate judge, since
13    apparently she read the briefs at least, denied the
14    request for specific performance?
15           MR. PETRIK:  Yes.  I think she did deny the
16    request for specific performance.
17           THE COURT:  Just didn't say so; is that
18    correct?
19           MR. PETRIK:  Yes.
20           THE COURT:  All right.
21           On the issue of the breach of the plea
22    agreement, I've read and considered the briefs on the
23    matter.  I've read the plea agreement and all the
24    other materials submitted on the appeal, including
25    the three reporter's transcripts of the proceedings
```

1   before the magistrate judge.
2            Is there anything counsel wish to raise not
3   covered in their briefs?
4            Mr. Petrik?
5            MR. PETRIK: Your Honor, I think that the
6   Government leads off their opposition brief with a
7   Fourth Circuit case. I would urge the court to
8   disregard that. It's not precedent in this circuit.
9   What is precedent in this circuit is cited in the
10  defendant's brief Camarillo-Tello and Franco-Lopez.
11  And I think that as it's laid out in the opening
12  brief that I filed, that is the law that the court
13  needs to follow in this case.
14           THE COURT: As a matter of fact, the
15  Government cites three out-of-circuit cases,
16  Mr. Petrik.
17           Is there anything you want to add,
18  Ms. Liou.
19           MS. LIOU: Briefly, Your Honor. Those
20  cases that are outside of the Ninth Circuit are
21  persuasive authority here in the Ninth Circuit.
22           THE COURT: Yes, I've read them. Anything
23  else?
24           MS. LIOU: Unless the court has any other
25  questions, the Government would submit on the briefs.

|  |  |
|---|---|
| 1 | THE COURT: Is the matter submitted, then? |
| 2 | MS. LIOU: Yes, Your Honor. |
| 3 | THE COURT: Mr. Petrik? |
| 4 | MR. PETRIK: Yes. |
| 5 | THE COURT: The appeal is denied. The |
| 6 | magistrate's judgment is affirmed. I find the |
| 7 | Government did not breach the plea agreement and that |
| 8 | the magistrate judge's subsequent -- excuse me. |
| 9 | The magistrate judge's judgment and |
| 10 | sentence in this case was in all other respects |
| 11 | within the guidelines and reasonable. |
| 12 | The Government points out in its opposition |
| 13 | brief that the standard of review in this circuit for |
| 14 | an appellate determination concerning an alleged |
| 15 | breach of plea agreement is somewhat inconsistent and |
| 16 | I agree. The Government cites U.S. v. Salemo for the |
| 17 | proposition that the review is quote, "clearly |
| 18 | erroneous standard of review," unquote. |
| 19 | While the defendant cites Camarillo -- U.S. |
| 20 | v. Camarillo for their proposition that appellate |
| 21 | review of a violation of plea agreement -- of a plea |
| 22 | agreement is de novo. In this case, this Ninth |
| 23 | Circuit dichotomy is no problem because applying the |
| 24 | more stringent appellate de novo review standard I |
| 25 | find that clearly here there was no breach of the |

EJG

plea agreement. The Government's obligation under the plea agreement, in relevant part, included no jail time and a one-year cap on any term of supervisory release or probation. There was no agreement as to supervision without any conditions. In fact, the agreement specifically allowed the parties to argue, quote, "the type and duration of supervision," unquote.

Home confinement was not a part of, nor considered in the plea agreement, and in any event home confinement is a discretionary condition of probation or supervised release, see Section 3563 Subdivision B-19 of Title 18, which provides, quote "the court may provide as a further condition of probation or supervised release that Defendant remain at his place of residence," unquote.

The plea agreement here did not provide for supervision without any conditions; thus, the Government by submitting the matter pursuant to the plea agreement was in fact adhering to its obligations under the agreement. The magistrate judge found, and on an objective de novo review I also find, there is no ambiguity in the language of plea agreement which specifically allowed the parties to argue the type and duration of supervision with

13

1  the Government agreeing only to a one-year cap on the
2  length of the term of supervision.
3      As to whether home detention as a special
4  condition of probation is a sentence of
5  incarceration, the Government cites three
6  out-of-circuit opinions out of the Seventh, Eighth,
7  and Eleventh circuits which say that it is not.
8  Defendant cites no precedent to the contrary.  I find
9  in accordance with the three circuits that have
10 expressed an opinion on the matter and in review of
11 Section 3563 Subdivision B-6 cited here earlier that
12 home detention is not jail nor sentence of
13 incarceration but rather a discretionary condition of
14 probation which the plea agreement left open to
15 argument by the parties when the Government submitted
16 the issue --
17      When the Government submitted the issue of
18 the conditions of probation on the plea agreement and
19 took no position on the condition in issue, it did
20 not breach the plea agreement.
21      The appeal is denied.  The magistrate
22 judgment and sentence is affirmed.
23      The Government is directed to prepare and
24 submit a proposed order of affirmance of the
25 magistrate judge's decision attaching the court's --

| | |
|---|---|
| 1 | attaching a reporter's transcript of this court's |
| 2 | bench decision on the appeal.  Thank you, Counsel. |
| 3 | MS. LIOU:  Thank you, Your Honor. |
| 4 | MR. PETRIK:  Thank you, Your Honor. |
| 5 | (The proceeding concluded at 10:50 a.m.) |
| 6 | --oOo-- |

15

```
 1                    REPORTER'S CERTIFICATE

 2

 3      STATE OF CALIFORNIA    )
                               ) ss.
 4      COUNTY OF SACRAMENTO   )

 5           I, LAURIE A. HOWARD, certify that I was the

 6      Official Reporter, pro tem, and that I reported

 7      verbatim in shorthand writing the foregoing

 8      proceedings; that I thereafter caused my shorthand

 9      writing to be reduced to typewriting, and the pages

10      number 1 through 15, inclusive, constitute a

11      complete, true, and correct record of said

12      proceedings:

13

14      COURT:  United States District Court
        JUDGE:  THE HONORABLE EDWARD J. GARCIA
15      CAUSE:  U.S. v. PATRICK ROBISON
        DATE:   Friday, February 27, 2009, 10:00 a.m.
16

17

18           IN WITNESS WHEREOF, I have subscribed this

19      certificate at Sacramento, California, on this, the

20      24th day of March, 2009.

21

22

23
                                    _____
24                                  LAURIE A. HOWARD
                                    CSR No. 9802
25

                                                          16
```